In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00356-CR
NO. 09-21-00357-CR

_____

**JAWORSKI DEWAYNE KING, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause Nos. 17-28350, 18-28645

**MEMORANDUM OPINION**

Jaworski DeWayne King appealed his convictions for (1) evading arrest or detention with a prior conviction and (2) burglarizing a habitation while intending to commit aggravated assault.[1] After King

---

[1] *See* Tex. Penal Code Ann. §§ 30.02 (first degree felony), 38.04 (third degree felony).

1

appealed his convictions, the attorney the trial court appointed to represent him filed *Anders* briefs in both of his appeals.[2]

In the briefs, King's attorney provides his professional evaluation of the appellate record relevant to the appeals. After evaluating the appellate record, King's attorney filed a brief, and he concludes that despite his diligent search of the appellate record, he has found no reversible error by the trial court and no arguable grounds on which to base an appellate argument to seek the reversal of judgments in Trial Court Cause Number 17-28350 or Cause Number 18-28645.[3] King's attorney also explained that he sent King a copy of the briefs he filed for King in his appeals, and that he informed King he had the right to review the appellate record and file pro se responses in which he could raise any ground of error or complaint he wished to raise in the appeals.

King filed identical four-page letters as his response in both the appeals. In the letter, King complains: (1) there were contradictory statements made by witnesses during the consolidated hearing the trial

---

[2]*See Anders v. California*, 386 U.S. 738, 744 (1967).
[3]*See id*.; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

court conducted in deciding to revoke the court's earlier decision to place him on probation in Trial Court Cause Numbers 17-28350 and 18-28645; (2) the decision to revoke his probation was made solely based on an alleged violation; (3) evidence that should have been excluded under the Rules of Evidence and the Code of Criminal Procedure was introduced during the hearing the trial court conducted to revoke its decision placing him on probation and adjudicate his guilt; (4) the prosecutor made objectionable and prejudicial comments during the hearing; (5) one of the State's witnesses gave testimony that according to King contradicted earlier testimony, which allowed that witness to leave the trial court with the impression that King was not a good candidate for the court to allow to stay on probation; (6) the trial court refused to grant King's request asking the trial court to allow his attorney to withdraw; and (7) he argues he received ineffective assistance because he was not given enough time to review the evidence and questions he wanted to raise with the trial court.

First, the record does not support King's claim that he asked the trial court to allow his attorney to withdraw. Instead, King's attorney

3

filed a motion to withdraw the day of the hearing, but she told the trial court at the beginning of the hearing that she was ready to proceed on the motions to revoke. Turning next to King's claim of ineffective assistance, the clerk's record does not show that any post-judgment motions were filed to overturn either judgment. Generally, a record before an appellate court in a defendant's direct appeal of his conviction is not sufficiently developed to allow the appellate court to address claims asserting that the appellant received ineffective assistance of counsel.[4] In King's case, the attorney assigned to represent King in the revocation hearing has never been given the opportunity to respond to the matters King raises in his pro se response. Consequently, his complaints about the representation he received in the hearing on the motion to revoke his probation cannot be resolved on the record before us in these appeals.[5]

As to King's remaining complaints, the Court of Criminal Appeals has explained that when faced with an *Anders* brief, appellate courts

---

[4]*Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

[5]*See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (requiring the record to be developed in a manner affirmatively demonstrating that the claim has merit in cases involving ineffective assistance claims).

need not address the merits of the issues a defendant raises in his pro se response.[6] Instead, the appellate court may determine either "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[,]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues."[7] *Id.*

We have independently examined the clerk's record and the reporter's record, and we conclude no arguable error supporting reversing either of the trial court's judgments exists on the record before us in King's appeals.[8] *See id.* We further conclude that based on the record, King's appeals are frivolous.[9] Therefore, it is also unnecessary to order the appointment of new counsel to re-brief King's appeals.[10] Given our conclusion that no arguable error exists to support the appeals, the trial

---

[6]*Bledsoe v. State,* 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).
[7]*Id.*
[8]*Id.*
[9]*See Anders,* 386 U.S. at 743.
[10]*Cf. Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring the court of appeals to appoint other counsel only if it determines that there were arguable grounds for the appeal).

court's judgments in Trial Court Cause Numbers 17-28350 and 18-28645 are affirmed.[11]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 4, 2022
Opinion Delivered July 12, 2023
Do Not Publish

Before Horton, Johnson and Wright, JJ.

---

[11]King may challenge our decision in these appeals by filing a petition for discretionary review. *See* Tex. R. App. P. 68.